## LAMBERT v. POWERS.

**Homestead:** LIABILITY TO EXECUTION. The interest of a defendant in the assets of a partnership of which he is a member, being liable to be taken in execution or reached by proceedings thereunder, must be first exhausted before resort can be had to the homestead of defendant.

*Appeal from Monroe District Court.*

FRIDAY, JANUARY 25.

ACTION IN EQUITY. The petition discloses that plaintiff is the owner of a lot in the town of Albia, with the buildings and improvements thereon, which are occupied by himself and family as a homestead. The defendant having recovered a judgment for $769.83 upon a claim against plaintiff, accruing prior to the purchase of the property, has caused execution to be issued thereon and levied upon the homestead. Prior to

this levy defendant had caused another execution to be issued and one Ramsey to be garnished, who answered to the process served upon him.  The answer states in substance that plaintiff and the garnishee were parties in the practice of medicine and that there was due the firm on book accounts and notes about $3,000, and that plaintiff had drawn from the firm about $300 more than the garnishee.  No lien was claimed by the garnishee upon the notes and accounts due the firm except for the amount overdrawn by plaintiff.

The petition alleges that the garnishee, in his answer, gave a schedule of the claims due the firm, which particularizes the amount of each, the name of the debtor, and whether it be a note or book account.  It is averred that most of the claims are good and collectible, and that plaintiff's interest therein is more than sufficient to satisfy defendant's judgment.  The answer of the garnishee was filed in the circuit court, wherein the judgment was rendered, and a cause was docketed therein against plaintiff as defendant and Ramsey as garnishee, which has been continued from term to term, and is still pending.

Plaintiff claims that the property thus sought to be reached by the garnishee proceeding is subject to and sufficient for the payment of the judgment, and that under the law it must be exhausted before the homestead can be taken in execution.  A preliminary injunction was allowed restraining the sale of the homestead.  At the succeeding term of the court a demurrer to the petition was sustained, and the injunction was dissolved.  From this ruling of the district court plaintiff appeals.

*Stuart Bros. & Andrews* for the appellant.

*Perry & Townsend* for the appellee.

BECK, Ch. J.— The question presented for determination by the record before us is this :  Does the law require the interest of plaintiff in the notes and accounts of the partnership, the same having been seized upon execution, to be exhausted before his homestead can be sold to satisfy the judgment?  The

solution of this question involves the interpretation of several statutory provisions. We will proceed at once to their consideration.

Rev., § 2281, authorizes the sale of the homestead on execution for debts contracted prior to its purchase and for those created by written contracts, expressly stipulating that it shall be liable therefor. "But (in the language of the statute) it shall not in such cases be sold except to supply the deficiency remaining after exhausting the other property of the debtor which is liable to execution." We must now inquire if the interest of plaintiff in the assets of the partnership, the notes and book accounts, is liable to execution. It is well first to determine the import of the expression " liable to execution." Execution is process authorizing the seizure and appropriation of the property of a defendant for the satisfaction of a judgment against him. The manner of converting the property into money after it is seized and the steps to be taken are prescribed by statute, and depend upon the nature and character of the property, whether it be real or personal, or choses in action. Whatever property may be seized upon the writ and by proper proceeding prescribed by law converted into money, which is applied upon the judgment, is liable to execution. The seizure upon the writ fixes the liability; and if, through subsequent proceedings under the execution and levy, the property is converted into money, these are but incidents of the execution, steps to be taken to enforce the liability. If by means of the writ the property is appropriated to the satisfaction of the judgment, it may be said to be liable to execution. May the interest of plaintiff in the assets of the partnership be reached by this means ?

Debts due the defendant in execution and his property in the hands of third persons may be levied upon and taken in execution by process of garnishment. Rev., §§ 3194, 3269. The proceedings are prescribed by the statute. The garnishment is made upon and under the execution, and the property sought is in that way reached by the writ. It cannot be doubted that plaintiff held an interest in the assets of the

partnership, and that this interest is property. His property in the assets was measured by his interest therein. Being in the possession of a third person, the thing in which he held property, be it either a chose in action or personalty, could be reached by the execution through the process of garnishment under the statutes above cited. In this proceeding the execution is an essential instrument; the garnishment is made under it. By means of the garnishment property of this kind is taken in execution. We conclude that plaintiff's interest in the assets of the partnership is liable to execution. The record discloses the fact that it was levied upon in the manner prescribed by law, and that defendant was thereby seeking to subject it to his judgment.

The peculiar provisions of the statute directing the manner of determining the rights of the copartners when partnership property is levied upon to satisfy the separate debt of one member of the firm, are relied upon by defendant to support an argument against our conclusion. They are as follows: When such property is taken in execution against one partner the officer holding the writ shall not make sale thereof if the other partner assert an equitable or other claim thereto in writing and notify the officer thereof. In such case the possession of the property is not taken by the officer except for the purpose of making an inventory and appraisement. The execution, with the inventory and appraisement, are returned by the officer with a proper statement of facts connected with the levy, and the claim set up by the joint owner or partner. The execution operates as a lien upon the property until the levy is disposed of. Upon the return of the execution the creditor may proceed in an action by equitable proceedings to subject the interest of the debtor levied upon, to the satisfaction of the execution. Rev., §§ 3287, 3291.

It is argued that as the interest of the debtor's partner is made subject to the execution by the chancery action contemplated, and it is not liable to execution. This position is not sustained by the provisions of the law just cited. The execution is levied upon the property, and is a lien thereon. The

rights of the parties interested are settled by the chancery action. When this is done, the execution remaining of force is finally satisfied by the sale or other disposition of the property. The proceedings authorized by the sections cited pertain to the manner of enforcing the liability of the property to the execution. The provisions in question simply provide for making effectual the liability of the property to the writ.

The interest of plaintiff in the assets of the partnership being liable to execution, and defendants having instituted proceedings to subject it thereto, which are still pending, he must exhaust it before the homestead can be sold. The first steps in that direction are taken by the garnishment process. Whether they have been correctly taken and what, if any thing more, is to be done, are questions not presented in the case. It is enough to know that the law makes the interest of plaintiff in the assets of the partnership liable to the execution, and that the homestead cannot be taken until it be exhausted.

In our opinion the court erred in sustaining defendant's demurrer to the petition.

Reversed.