TOOTLE, HANNA & CO. v. RUFUS SMITH.

1. ATTACHMENT; *Unauthorized Affidavit.* The verification of an affidavit for an attachment before the attorney of record of the plaintiff is authorized.

2. ———— *Defective Affidavit; Practice.* If an affidavit for attachment does not contain a statement of the amount which the plaintiff ought to recover, the affidavit is defective and insufficient. And where no attempt is made to cure such an affidavit, but by offering to file a new or amended affidavit, verified before the attorney of record of the plaintiff, the court or judge hearing a motion to dissolve the attachment commits no error in refusing to allow such affidavit to be filed, or accepted, because such a verification is unauthorized, and therefore such new affidavit is also defective and insufficient.

*Error from Johnson District Court.*

ON June 10, 1884, *Tootle, Hanna & Co.*, of Kansas City, Missouri, brought a civil action in the district court of Johnson county, against *Rufus Smith*, of Gardner, Kansas, to recover the sum of $2,600, then over-due upon an account and note given for goods, wares and merchandise. On the same day, they caused to be filed an affidavit for an attachment against Rufus Smith. The amount which plaintiffs sought to recover from the defendant was omitted from the affidavit. On the same day, an order of attachment was issued, based upon said affidavit, for the sum of $2,600, and $50 probable cost of suit, and defendant's goods were attached, which were appraised at $1,692.07. On July 5, 1884, the defendant appeared to the action, and filed a general demurrer to the first

count or cause of action of the plaintiffs' petition, and put in a general denial to the second count or cause of action therein stated. On July 21, 1884, the defendant served notice on plaintiffs' attorney, in Kansas City, Missouri, to the effect that, on the 26th day of said month, at Wyandotte, Kansas, before the Hon. W. R. Wagstaff, judge of said court, at chambers, he would move for a dissolution of the attachment for two certain reasons. On the same day, the hearing was continued until Wednesday, July 30, 1884, at which time the hearing was continued until Saturday, Aug. 2, 1884, at which time, and before the defendant's motion to dissolve came on for hearing, the plaintiffs asked leave of the judge to file an amended affidavit for attachment in said cause, which was refused by the judge, to which action the plaintiffs excepted. The judge then proceeded to hear the evidence in support of the second ground of the said motion, to wit: That the grounds set forth in the attachment affidavit were wholly untrue. The plaintiffs offered the pleadings, process and proceedings in the case, as well as the affidavit of H. M. Tilliston, collector and adjuster for Tootle, Hanna & Co., William Ryley, of the firm of Ryley, Eby & Co., and William Peake, of the firm of Tootle, Hanna & Co. The defendant offered and read three affidavits made by himself; also affidavit of his wife, Belle Smith; affidavits of J. B. Ward and S. W. Barnard; also, the original affidavit for attachment on behalf of the plaintiffs in the action. The judge took the matter under advisement until August 6, 1884, and then sustained the defendant's motion *in toto*, to which action the plaintiffs then and there excepted; and by agreement of parties, and with consent of the judge, the plaintiffs were allowed thirty days from August 6, 1884, within which to make and serve a case for review in the supreme court. The plaintiffs bring the case here.

*A. Smith Devenney,* for plaintiffs in error.

*St. John & Pickering,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is conceded that the affidavit for attachment was defective, by reason of the omission of the amount sued for. Upon the hearing of the motion to dissolve, the district judge decided the affidavit void. (*Robinson v. Burton,* 5 Kas. 293.) The first complaint is, that the judge erred in not granting the plaintiffs leave to amend the affidavit. The insufficient affidavit was sought to be cured by a new affidavit, relating back to the original, signed by William Peake, and verified before John S. Harbison, the attorney of record of plaintiffs. This was unauthorized, and the judge properly rejected such new or amended affidavit. (Code, §§ 344, 345, 350; *Foreman v. Carter,* 9 Kas. 681; *Warner v. Warner,* 11 id. 121.) As no sufficient steps were taken by plaintiffs to cure or amend the original affidavit, the judge committed no error in dissolving the attachment. It is therefore useless to discuss the affidavits used upon the hearing. The defective and insufficient affidavit, in the absence of a sufficient amendment, settled the whole matter against the plaintiffs.

The order of the district judge will be affirmed.

All the Justices concurring.