J. M. Swearingen v. J. C. Howser, *et al.*

1. Attachment, *Motion to Dissolve; Hearing at Chambers.* The district judge has the power to hear and determine at chambers a motion to dissolve an order of attachment where both parties appear and no objection is made, although at the time the regular session of the district court is being held in the same county, with a judge *pro tem.* presiding.

2. ———— *Voidable Affidavit.* The affidavit for an attachment sworn to by the plaintiff before a notary public, who is the attorney of record of the plaintiff in the action, is at most only voidable, and may be amended.

*Error from Harper District Court.*

ACTION by *Swearingen* against *Howser* and another, to recover money. The defendants filed a motion to dissolve an attachment in said action, which had been issued for the plaintiff. This motion was heard June 2, 1885, when the plaintiff asked leave to amend the attachment affidavit. The district judge refused to permit this amendment, and dissolved the attachment. The plaintiff brings the case here. Other facts are stated in the opinion.

*Campbell & Glenn,* for plaintiff in error.

*Finch & Finch,* and *Sam S. Sisson,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the plaintiff against the defendants to recover the sum of one hundred and fifty dollars. Plaintiff also filed his affidavit for an attachment with a sufficient undertaking, and thereupon the clerk of the district court issued an order of attachment, and the sheriff of Harper county attached a portion of a stock of groceries belonging to the defendants. Afterward the attorneys for the defendants made a motion before the district judge at chambers, in the city of Wellington, Sumner county, to dissolve the attachment on the ground that the affidavit therefor had been

sworn to before William M. Glenn, notary public, but one of the attorneys of record for the plaintiff. On the hearing of the motion, plaintiff asked leave of the court to amend the attachment affidavit, by swearing to it before some officer duly authorized to administer oaths, other than his attorney in the case. The district judge refused to permit the affidavit to be amended, and ordered the attachment to be dissolved. At the time of hearing this motion the district court was in session in Sumner county, with a judge *pro tem.* on the bench. The plaintiff brings the case here.

Plaintiff complains that the district judge at chambers was acting without jurisdiction of the case, as a judge *pro tem.* was holding court at that time in the same county. There is no showing that the judge *pro tem.* was not properly selected and sitting in the case in which the judge of the district court was disqualified. In the absence of any proof to the contrary, we must assume that the judge *pro tem.* was properly holding court at the time. (*Garvin v. Jennerson,* 20 Kas. 371.) The parties have no cause to complain because the judge *pro tem.* was trying a case in which they had no interest, so long as the legally elected judge of the district court heard and determined the motion in dispute, at chambers. This action was brought in Harper county, one of the counties in the nineteenth judicial district. This motion could not have been heard before any other person than the judge of the district. (Comp. Laws of 1879, ch. 28, §2.) The plaintiff did not question the power of the judge at chambers, until the decision was rendered against him. He makes that objection for the first time in this court.

1. Attachment, motion to dissolve; hearing at chambers.

Plaintiff makes the further objection, that the district judge refused to permit him to file an amended affidavit. The decision of this question compels us to determine whether the affidavit upon which the order of attachment issued was voidable only, or wholly void. By §1 of the act relating to oaths, the general power, without any exception or limitation, is given to notaries public, "to administer oaths pertaining to all matters wherein an oath is required."

By § 348 of the civil code, the general power, without any exception or limitation, is given to notaries public to take depositions.

By § 345 of the civil code, the general power, without any exception or limitation, is given to any person authorized to take depositions to act as the officer before whom affidavits may be taken and authenticated.

Under § 350 of the civil code, however, "the officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding;" and therefore, inferentially, "the officer before whom affidavits are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding." Hence, it will be seen that notaries public have the general power to take depositions or affidavits in all cases, and without any exception or limitation. There are cases, however, where it would be improper or irregular for a notary public to exercise such power, as where the deposition or affidavit is to be used in some suit or proceeding where the notary public is a relative or an attorney of either party to such suit or proceeding, or in some manner interested in the event of the suit or proceeding; and in such cases, he should not exercise the power to take the deposition, or the affidavit. If he should do so, however, it would not be acting without power, but would be an irregular and wrongful exercise of power. Where any officer or agent acts with power, but only irregularly and wrongfully, his acts are not void, but at most only voidable. Parties to a suit cannot confer power upon an unauthorized person to administer oaths, or to take depositions or affidavits. The power or authority must come from the law, or it cannot exist. The parties themselves cannot, even by consent or agreement, create it. Hence, supposing a notary public to be powerless to act in the particular case under the law, then the parties could not by consent or agreement confer power upon him to administer oaths or to take depositions or affidavits, where he might be a relative of either party in the slightest degree, or an attorney of either

party in any manner or degree, or interested in the event of the suit in the slightest or most remote degree.

In a case like the present, where the affidavit was originally sworn to before an attorney of one of the parties, no harm can be done by giving leave to amend the affidavit by having it sworn to before some other person; certainly not if the facts stated in the affidavit are such that no person will again swear to them. If some person will again swear to them, the opposing party may show if he can, that the alleged facts are not true.

In Wade on Attachment, § 60, two cases are cited in support of the claim that the officer before whom an affidavit is made must have authority to administer the oath in that particular case, otherwise the affidavit is void. (*Owens v. Johns*, 59 Mo. 89; *Greenvault v. Bank*, 2 Doug. [Mich.] 498.) In the Missouri case, the action was instituted by the clerk of the circuit court, and he swore to the attachment affidavit before his own deputy. Of course, in such a case, the whole proceeding was a nullity. The writ was issued without authority of law, as the deputy had no more power to administer the oath to the clerk, than the clerk would have had to have sworn himself. In the Michigan case, the attachment affidavit was sworn to before the clerk of the circuit court in vacation. The clerk of the court had no authority to administer oaths or take affidavits, in vacation, and hence the affidavit was void, as the officer was not authorized to administer any oath at the time. Those cases are not exactly like the one at bar, and do not fully support the text cited.

As the attachment affidavit in this case was not wholly void, 2. Voidable affidavit. in the furtherance of justice, the plaintiff should have been permitted to file an amended affidavit as he requested. The order of the district judge will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.