D. J. Fair *et al.* v. The Citizens' State Bank of Sterling, Kansas.

No. 13,878.   (79 Pac. 144.)

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGE—*Renewal Affidavit—Competency of Notary Public.* A chattel mortgage, regular upon its face, duly filed for record, and accompanied by an affidavit of renewal, filed in proper time and regular upon its face, and regular in fact except for the latent defect that the notary public who administered the oath was a stockholder in the mortgagee corporation, imparts notice as fully as if such defect did not exist.

2. ——— *Act of Notary Ministerial, Not Judicial.* The act of a notary public in administering the oath, in such case, is ministerial and not judicial; it is, at most, voidable—not void.

Error from McPherson district court; MATTHEW P. SIMPSON, judge. Opinion filed January 7, 1905. Affirmed.

*Prigg & Williams,* and *Frank Doster,* for plaintiff in error.

*John D. Milliken, Samuel Jones,* and *Ansel R. Clark,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: On November 16, 1896, H. L. Sturgeon was indebted to the Citizens' State Bank of Sterling, Kansas, in the sum of $856.33, and gave his note therefor, due on or before April 1, 1897. To secure its payment he gave the bank a chattel mortgage on 12,000 bushels of corn, a portion of which was described as having been gathered and cribbed, the remainder to be gathered and cribbed on lot 280 on Broadway, Sterling, Kan. This chattel mortgage was filed for record in the office of the register of deeds of Rice county, Kansas, where the parties resided and the mortgaged property was located, on the day following its execution.

On October 26, 1897, a renewal affidavit in regular form, made by Thomas Atkinson, the cashier of the bank, was filed in the office of the register of deeds of said county. This affidavit was made before Curtis A. Stubbs, a notary public, who, at the time, was assistant cashier and a stockholder of the bank.

Lots 280 and 282 on Broadway are in the same block, and being in the same enclosure they are evidently contiguous. The corn in controversy was cribbed on lot 282 and not 280, as described in the mortgage; there was no corn cribbed on lot 280. There is also some question as to the particular tract of land upon

which the corn was raised.   We have examined the evidence with much care and conclude that the mortgage is not void for uncertainty of description of the property.   It seems quite possible that a third person, having the description given in the chattel mortgages, could, by the aid of such inquiries as the chattel mortgage itself. suggests, identify the corn which was mortgaged.   (*Mills v. Kansas Lumber Co.*, 26 Kan. 374 )

A portion of the corn cribbed on said lot 282 was shelled by Sturgeon and sold to plaintiffs in error about September 1, 1898.   This action was brought in the district court of Rice county by the bank to recover from them for so much of the value of the corn as would pay the amount remaining due on the note given by Sturgeon.   After one mistrial and a second trial that resulted in a judgment in favor of the plaintiff in error, which was reversed by this court (66 Kan. 761, 71 Pac. 1125 ), a third trial resulted in a judgment in favor of the bank.   The defendants bring the case here again for review.

The plaintiffs in error in their brief make twenty assignments of error, but urge only a few of them. The first and most difficult question presented is, Was the renewal affidavit void by reason of the fact that the notary public who administered the oath was at the time an officer and stockholder of the mortgagee? It is a question upon which the authorities differ. Some, by analogy at least, hold it void ; others that it is voidable only.   Some reason that such act of an officer interested would be void or voidable accordingly as the transaction is or is not tainted with fraud or undue advantage taken.   That one who is of counsel, or is related to either party, or is otherwise interested in the event of an action, should be barred, even in the absence of our statutory provision, is too evident

for discussion.   Administering the oath to one making
an affidavit in a judicial proceeding, by an officer
interested in establishing the facts sworn to, especially
as the officer may also write the affidavit, apparently
gives opportunity for undue advantage, and the act
savors more of a judicial proceeding.

In the case at bar, the statute, by implication, makes
the filing of the chattel mortgage or a copy of it in the
office of the register of deeds of the proper county no-
tice of the right of the mortgagee for the period of one
year from the date of the mortgage, and if within
thirty days prior to the expiration of the year an affi-
davit be filed setting forth the required facts such no-
tice is, by implication, extended for another year.
The affidavit proves no fact upon which any tribunal
or person has to pass ; in fact, it expressly provides,
differing from most other records, that a duly certified
copy of the same shall be received as evidence of no
other fact except that "such affidavit was received
and filed according to the indorsement."   It simply
allows the warning to creditors, subsequent purchas-
ers and mortgagees to stand for another year.   It is
not apparent how any one other than the mortgagee
could be prejudiced even by a false statement in the
affidavit, unless it should state an exaggerated or ficti-
tious amount due on the mortgage, to shield the prop-
erty of the debtor from the other creditors who might
look to it to satisfy their claims.   If such a case
should arise a remedy could be found.

The instrument in question is "a written declara-
tion under oath, made without notice to the adverse
party." (Gen. Stat. 1901, § 4739.)   It was sworn to
before an officer authorized by law to administer
oaths.   It states the facts required by statute to be
stated in a renewal affidavit.   It is sufficient in all

respects to continue the life and notice of the mortgage lien unless it is absolutely void by reason of the interest of the notary public who administered the oath. The weight of authority seems to be that it is not void, but only voidable. In *Swearingen v. Howser*, 37 Kan. 126, 14 Pac. 436, an affidavit in a judicial proceeding sworn to before a notary public who was the attorney of record of the affiant in the proceeding was held to be, at most, only voidable, and the reasons for holding the affidavit void in that case seem much stronger than in this.

The case of *Wills v. Wood*, 28 Kan. 400, 411, is not in point. It decided that an interested party was incompetent to take an acknowledgment to a conveyance of an estate, it being a *quasi*-judicial proceeding. In such case the officer conclusively determines and certifies to a fact, and his certificate of the same is taken as evidence thereof the civilized world over. The case of *Wills v. Wood* was decided before that of *Swearingen v. Howser, supra*, yet it was not mentioned in the latter case, as it probably would have been if this court had considered it conflicting, or that it needed to be distinguished. In this case the notary public simply administered the oath and certified to that fact. He determined nothing. His act was purely ministerial, and, at most, only voidable, by reason of his interest. We do not decide that it was voidable even.

The other assignments of error do not present any unsettled questions of law. The court did not err in overruling the demurrer to plaintiff's evidence, nor in admitting or excluding evidence, nor in giving or refusing to give instructions.

The judgment of the district is affirmed.

All the Justices concurring.