THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF ·CHEYENNE, *Appellee,* v. SOLOMON WALTER *et al.,*
*Appellants.*

No. 16,818.

SYLLABUS BY THE COURT.

1. AFFIDAVIT — *Opening Judgment—Verification—Amendment— Limitation of Actions.* An affidavit of a party who applies to have a judgment opened up and to be let in to defend, verified before his attorney, is irregular and voidable, but is not void, and hence it may be amended by a proper verification; and when the amended affidavit is filed it will relate back to the original affidavit.

2. PARTIES—*Opening Judgment Rendered upon Publication Service.* Anyone whose rights are affected by a judgment rendered without other service than by publication is entitled to have the judgment opened up when he complies with the provisions of section 83 of the code of 1909, whether or not he was named as defendant in the action.

3. JUDGMENTS—*Publication Service—Application to Open—Validity of Judgment Challenged.* The fact that he may have challenged the validity of the service and the jurisdiction of the court to render any judgment will not justify the denial of his application to have the judgment opened up and for an opportunity to set up his rights and defenses.

Appeal from Cheyenne district court. Opinion filed January 7, 1911. Reversed.

*L. W. Colby, W. S. Langmade,* and *A. C. T. Geiger,* for the appellants.

*J. L. Finley,* and *Fred Robertson,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by the commissioners of Cheyenne county against Solomon Walter, H. C. Ewing and others a judgment was rendered, on service by publication, foreclosing a tax lien on a quarter section of land. H. C. Ewing had an interest in the land, which he assigned to Wallace Rob-

ertson before the action was begun, but the assignment was not recorded. Ewing was named as a defendant in the action, but Robertson was not, and no appearance was made by either of them. The judgment was rendered on May 23, 1905, under which a sale of the land was made to R. M. Jaqua on August 16, 1905, and in due time a deed was executed and delivered to the purchaser. On August 14, 1907, Ewing and Robertson filed a verified motion to vacate the judgment, and alleged that they had no actual notice of the pendency of the action in time to make a defense. They set forth their defense to the action, and offered to pay any and all charges against them. Notice of the application was given, and on April 7, 1908, Robertson filed his separate affidavit, which contained the necessary averments authorizing the opening up of the judgment and letting him in to defend, and on May 9, 1908, filed an answer stating a defense to the action. Within less than three years from the rendition of the judgment of foreclosure Ewing filed a sufficient affidavit and answer under the code provision for opening up a judgment. On motion of the appellee the trial court struck the affidavit of Robertson from the files, upon the ground that it had been verified before his attorney, who was a notary public, and at the same time made an order allowing him to file an amended affidavit, which was afterward done. Subsequently the amended affidavit was stricken out and the application to open up the judgment denied, and of these rulings complaint is made.

The original affidavit of Robertson was irregular in that it was verified before his attorney (*Warner v. Warner,* 11 Kan. 121; *Tootle, Hanna & Co. v. Smith,* 34 Kan. 27), but it was not void for that reason. It was an irregularity which was subject to be cured by an amendment. (*Swearingen v. Howser,* 37 Kan. 126.) The amended affidavit was probably ignored because it was filed more than three years after the judgment

was rendered, but the amendment which was filed related back to the original affidavit, and it was filed in good time. The provision for opening up a judgment and letting parties in to defend (Code 1909, § 83, former Code, § 77) is remedial in its nature and deserves liberal interpretation. Of that section it has been said:

"Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done." (*Albright v. Warkentin,* 31 Kan. 442, 445.)

(See, also, *Erving v. Windmill Co.,* 52 Kan. 787.)

There is some contention that as Robertson was not a party he was not entitled to the benefits of that section, but in *Leslie v. Gibson,* 80 Kan. 504, it was held that the grantee of a party to the action who was not himself named as a defendant, but who was bound by the judgment, has the same right to have the judgment opened up and to make his defense that his grantor had. The word "party," as used in that section, applies not only to those named in the record but to everyone whose property rights are affected by the judgment.

There is a contention that the appellants' application should be treated as one to vacate the judgment rather than to open it up. It is true that the validity of the judgment was challenged because of insufficient notice, but there was a distinct application to have it opened up and to give appellants an opportunity to defend, in which there was a substantial compliance with the statutory requirements. Now, the fact that they asked for more than could be awarded did not justify the refusal of that to which they were entitled. By asking to have the judgment opened up they may have so recognized its validity as to preclude them from insisting that no judgment had ever been rendered, but

it would not deprive them of both remedies, nor of the benefit of the provision which allows a party who has no actual notice of the action an opportunity to come in and set up his rights.

There was error in striking out the affidavits and in denying the application made by appellants, and for this reason the judgment is reversed and the cause remanded for a new trial.