No. 35,768

F. D. BELINDER, *Appellee*, v. LOUIS CUPP, *Appellant*.

(137 P. 2d 139)

Opinion filed May 8, 1943.

*Alpha N. Brown,* of Kansas City, Mo., argued the cause, and *Howard Payne,* of Olathe, was on the briefs for the appellant.

*John W. Breyfogle, Jr.,* of Olathe, argued the cause for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff sued to recover sums aggregating $1,312.78 alleged to be due him from defendant as a result of four separate business transactions and attached real property of defendant, a nonresident. Plaintiff prevailed. Defendant appealed from orders of the court confirming the sheriff's sale of the attached property and denying his motion (1) to strike the attachment affidavit from

the files, (2) to set aside the order of sale and discharge the attachment, and (3) his objections to the confirmation of the sale.

Plaintiff filed his petition July 26, 1941, and on the same date filed his affidavit of attachment upon the ground defendant was a nonresident of the state of Kansas (G. S. 1935, 60-901, ground 1). This had been verified July 24, 1941, before C. R. Rittman, a notary public of Jackson county, Missouri (G. S. 1935, 60-2832). On July 26, 1941, the clerk of the court issued an attachment order to the sheriff who, under the authority thereof, levied upon and attached all the right, title and interest of defendant in lot 47, Belinder addition, Johnson county, and caused the same to be appraised. (G. S. 1935, 60-909.) The value fixed by the appraiser was $1,500. On August 18, 1941, defendant filed an answer to plaintiff's petition. This consisted of an unverified general denial. On January 20, 1942. the cause came on for trial, and after plaintiff had introduced his evidence and rested defendant, "in open court, in person and by his attorneys, did offer to and did confess judgment in the sum of $950, and costs of said action." The offer was accepted by plaintiff and judgment was rendered accordingly. On March 21, 1942, plaintiff filed and served on defendant's counsel a motion for an order of sale of the attached property. On March 26, 1942, and within the same term of court in which the judgment was rendered (G. S. 1935, 20-1010) this motion was heard and allowed, and it was "by the court ordered that the sheriff of Johnson county, Kansas, proceed to advertise and sell the real estate, being lot 47, Belinder addition, Johnson county, Kansas, held under writ of attachment issued in this action, and, after satisfying said judgment and costs, if any of said property or money remains, the same shall be delivered to the defendant or owner thereof." On the same date the clerk of the court issued an order of sale to the sheriff commanding him to advertise and sell the attached property. Under this order the sheriff proceeded to have notice published for the sale of the property on May 4, 1942. On that date the property was sold to plaintiff for $1,002.04, being the full amount of the judgment with interest and costs.

On April 22, 1942, defendant filed a motion to strike the affidavit for attachment from the files for the reason that C. R. Rittman, the notary public before whom the affidavit was verified, was an attorney for plaintiff and that he had an interest in the controversy. On the same date defendant filed a motion to set aside the order of

sale and to discharge the attachment, in which he alleged the order of sale was void for the reasons: (1) The court never entered an order sustaining the attachment; (2) because it was entered *ex parte* (this point is not argued on appeal); (3) because the affidavit of attachment was verified before a notary public of Jackson county, Missouri, an attorney for plaintiff, who was interested in the subject matter of the action; (4) because plaintiff waived any lien upon the real estate by accepting defendant's offer to confess judgment for $950; (5) because the attachment was issued without bond. (No bond was needed, G. S. 1935, 60-903; the point is not argued here.)

On June 17, 1942, plaintiff filed his motion to confirm the sheriff's sale had on May 4, 1942. This motion came on for hearing before the court on July 10, 1942. On that date defendant filed objections to the confirmation of the sale for the following reasons: (1) Upon the entire record the alleged attachment and the order of sale are void; (2) at the time the sale was ordered the attachment had not been sustained; (3) the attachment never has been sustained; (4) the judgment herein is a judgment by confession made in open court, accepted by plaintiff, and the same dissolved the attachment; (5) the affidavit for attachment was sworn to before an attorney for plaintiff and an interested party, in violation of statute; (6) at the time of the attachment defendant's interest in the real estate was not subject to attachment or sale under the attachment order; (7) the order of sale does not describe the interest of defendant in the real estate to be sold; (8) the order of sale was not advertised according to law and the advertisement did not state the interest of defendant to be sold; (9) the purchase price of the sale was inadequate; (10) under the entire record the sale will not vest any lawful interest in the purchaser, but will merely cast a cloud on the title to the property; (11) defendant owns no interest, and at the time of the attachment owned no interest, in the real estate subject to attachment.

In this court counsel for appellant argues that the court erred in refusing to strike the affidavit for attachment from the files, citing G. S. 1935, 60-2825, 60-2832 and 60-2841, which, briefly stated, provide that the officer before whom an affidavit used in court is verified must not be an attorney of either party. Upon the hearing on July 10, 1942, of the motion to strike the affidavit, defendant called the plaintiff as a witness, who testified in substance that C. R. Rittman, the notary public before whom the attachment affidavit was

verified, is a Missouri attorney, and that he was employed by the plaintiff on a yearly retainer. There was no evidence that Rittman had any interest in the subject matter of the litigation. There was no evidence, and it is not claimed, that Rittman was authorized to act as an attorney in Kansas. There is no proof nor suggestion that Rittman had at any time complied with our statute (G. S. 1941 Supp. 7-104) under which he might have been authorized to appear in a particular case as attorney in this state. Hence it is not at all clear that the sections of the statute upon which counsel for appellant rely are applicable. But we shall not rest our decision upon this point. In support of his contention appellant cites *Warner v. Warner*, 11 Kan. 121. That was a divorce case in which the petition for divorce was verified before one of the attorneys of the plaintiff. Defendant promptly moved that the petition be stricken from the files, and when that was overruled objected to the introduction of evidence, which objection was overruled. The opinion indicates he then paid no further attention to the case, but appealed from a judgment in favor of plaintiff. This court reversed the decision upon the ground that the motion to strike should have been sustained. Counsel also cite *Tootle, Hanna & Co. v. Smith*, 34 Kan. 27, 7 Pac. 577. That was a suit upon an account and notes in which an attachment order had been obtained, which order was set aside because the affidavit for attachment lacked the necessary allegations for such an affidavit. Counsel for plaintiff then offered an affidavit proper in other respects but verified before the attorney as a notary public. The trial court declined to permit it to be filed. This ruling was approved on appeal. Counsel also cite *Carr v. Hooper*, 48 Kan. 253, 29 Pac. 398, and *Harris v. Burbery*, 85 Kan. 201, 116 Pac. 206, neither of which is particularly helpful to appellant. In *Swearingen v. Howser*, 37 Kan. 126, 14 Pac. 436, the issue was squarely met in an action similar to the one before us. There the court held:

"The affidavit for an attachment sworn to by the plaintiff before a notary public, who is the attorney of record of the plaintiff in the action, is at most only voidable, and may be amended."

This holding was specifically approved and followed in *Carr v. Hooper*, 48 Kan. 253, 257, 29 Pac. 398; *Fair v. Bank*, 70 Kan. 612, 616, 79 Pac. 144; *Cheyenne County v. Walter*, 83 Kan. 743, 744, 112 Pac. 599; and *Harris v. Burbery*, 85 Kan. 201, 202, 116 Pac. 206. This accords with the majority rule. See cases collected on this point, 74 A. L. R. 787; 91 A. L. R. 918. See, also, 4 Am. Jur. 854,

855. We have no disposition to minimize the force and effect of the sections of our statute relied upon by appellant, but where, as here, defendant waited for almost nine months, until after the case had been tried on its merits and judgment rendered, and after an order for the sale of the attached property had been issued, before he raised the question, we feel compelled to hold that his argument that the attachment was void from the beginning cannot be sustained. If, indeed, it had any legal infirmity it was only voidable and defendant should have availed himself promptly of any question he desired to raise respecting the affidavit.

Appellant argues that plaintiff abandoned the attachment by accepting the offer of defendant to confess judgment. This point is not well taken. In *Stillman v. Hamer*, 70 Kan. 469, 78 Pac. 836, it was held:

"The law does not favor abandonments, and before an attachment lien will be deemed to have been abandoned some affirmative act or conduct of the creditor must be shown which is clearly inconsistent with the continuance of the lien."

See, also, 4 Am. Jur. 928; 7 C. J. S. 438, 439, where our Stillman case and others are cited in support of this general doctrine. No affirmative act of the plaintiff is pointed out which tends to show that the plaintiff intended to waive his attachment lien at any time. The more accurate construction to put upon what took place was that the trial had reached such a stage that defendant questioned only the amount of plaintiff's recovery, and since he complained of nothing else at that time he should be held to have waived any defect in the prior proceeding.

It is argued the court did not specifically adjudicate the validity of the attachment lien. That was not specifically done in the judgment rendered on February 20, but we think it was done on March 26 in response to plaintiff's motion and within the same term of court.

Appellant argues the advertised notice of sale did not describe the real property attached. The notice of sale, as abstracted by appellant, described the real property to be sold as "Lot 47, Belinder Addition, Johnson County, Kansas." It is next argued the sheriff sold more real estate than the court ordered. The court's order of March 26, 1942, for the sale of the attached property describes it exactly as it was described in the sheriff's notice of sale. It is argued the return of sale does not state what was sold. This is largely

a quibble on words and lacks merit. It is argued that the notice of the sale is a nullity because it advertised an execution sale and no execution had been issued. The notice of sale, after the caption, is headed, "Notice for Sale of Real Estate on Execution," but in the body of the notice it is stated that the sale was to be held under an order of sale issued by the clerk of the court. In this state the term "execution" includes an order of sale. See *Webber v. Harshbarger, Sheriff,* 5 Kan. App. 185, 189, 47 Pac. 166; *Norton v. Reardon,* 67 Kan. 302, 304, 72 Pac. 861; *Pool v. Gates,* 119 Kan. 621, 624, 240 Pac. 580.

In this court appellant raises a point not raised in the court below, that the real property was not appraised after the judgment and before the sale. We think in this case no such reappraisement was required. See *Lemen v. Kansas Flour Mills Co.,* 122 Kan. 114, 251 Pac. 427; 122 Kan. 574, 253 Pac. 547. Other points mentioned in defendant's motions are not pressed here.

We find no material error in the record. The judgment of the court below is affirmed.