No. 36,913

Eva Pulliam, *Appellee*, v. Raymond Pulliam, *Appellant*.

(183 P. 2d 220)

Clair E. Robb, judge.

Opinion filed July 12, 1947.

*Arthur C. Hodgson,* of Lyons, was on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an appeal from an order in a divorce action overruling a motion to strike the petition from the files.

On December 26, 1946, the plaintiff commenced an action for divorce against the defendant in the district court of Sedgwick county, by filing a petition, verified by her before her attorney of record who was a notary public, charging gross neglect of duty and extreme cruelty. Thereafter defendant was served with summons. On January 4, defendant brought suit against plaintiff for divorce in the district court of Rice county and on the same day procured service upon her by process issued from that county. Two days later, on January 6, defendant filed a motion to quash the summons and dismiss the Sedgwick county action. This motion was overruled. Thereupon defendant orally moved to strike plaintiff's petition from the files on the single ground it was verified before her attorney. Subsequently, and before the trial court ruled on such motion, the plaintiff filed an amended affidavit, which had been signed, subscribed and sworn to before a notary public whose authority to verify pleadings is not in question, wherein she stated among other things that the allegations and statements contained in her petition were true. Thereafter, on February 11, the district court overruled the motion to strike. On the same day it overruled defendant's objection to the introduction of testimony in a contempt proceeding and his demurrer to the petition, based upon the premise there was a similar cause of action pending in the district court of Rice county

between the same parties. Defendant then served and filed a notice of appeal in which he appealed only from the order overruling his motion to strike the petition from the files.

From the foregoing brief statement it becomes apparent the sole question appellant seeks to have determined is whether a petition for divorce can be verified before a notary public who is also an attorney for the party who filed the pleading. However, before it can be considered, we must first determine whether we have appellate jurisdiction to review an order overruling a motion to strike a petition from the files. This even though the parties have not raised the issue (*Vrooman Co. v. Summer*, 110 Kan. 662, 205 Pac. 609; *Shively v. Barr*, 157 Kan. 336, 139 P. 2d 401; *In re Gambrell*, 161 Kan. 4, 165 P. 2d 760; *Asendorf v. Asendorf*, 162 Kan. 310, 176 P. 2d 535).

Our code of civil procedure specifies the particular matters on which a trial court's rulings will furnish a basis for an appeal (G. S. 1935, 60-3302). Resort to its provisions does not reveal that an order overruling a motion to strike is one of them. Clearly the motion to strike does not involve the merits of the action or any part thereof. It cannot be construed as a demurrer for we have held that an alleged defect in the affidavit verifying a divorce petition cannot be reached by demurrer (*Warner v. Warner*, 11 Kan. 121). Neither can it be regarded as the equivalent of a demurrer for if so treated it must, of course, concede the facts alleged in the pleading which if accepted as true unquestionably state a cause of action for divorce. Nor can the order overruling the motion be held to be a final order, the only other ground specified in the statute of possible application, not heretofore mentioned, which authorizes an intermediate appeal. True enough, we have held that an order striking a petition from the files is a final order and therefore appealable (*Hicks v. Parker*, 148 Kan. 679, 84 P. 2d 905; *Dwinnell v. Acacia Mutual Life Ins. Co.*, 155 Kan. 464, 126 P. 2d 221). The reason for the rule announced in the decisions just cited is so obvious as almost to preclude the necessity of commenting upon it. When a motion to strike is sustained the plaintiff's right to proceed with the cause on its merits is wiped out with the result the ruling is to all intents and purpose a final order for which the code gives a right of appeal. But the converse of such ruling has no such consequence. The overruling of a like motion does not determine the action or prevent a judgment. It not only

leaves the defendant free to conduct his defense but also permits him after the cause has been tried upon its merits to present alleged trial errors and irregularities on final appellate review.

As we leave the point in question, although we have repeatedly held that motions to strike portions of a petition are not appealable unless they affect a substantial right and in effect determine the action (see *Estes v. Tobin Construction Co.,* 159 Kan. 322, 153 P. 2d 939, and cases there cited), we are not unaware of the. fact our decisions with respect to the sustaining of a motion to strike a petition *in toto* are not so numerous. The most recent case dealing with the subject, which we must concede is not entirely in point and therefore more indicative than decisive as a precedent, is *Marsol Credit Co. v. Blaker,* 144 Kan. 632, 62 P. 2d 914. There we held:

"An order overruling a motion to dismiss a petition filed pursuant to the provisions of R. S. 60-2821 is not a final order so as to be appealable." (Syl.)

However, we observe the situation disclosed by the record in the instant case, namely, an attempt to dispose of the action by an intermediate appeal without making a defense on its merits, upon which we base our conclusion the order overruling the motion to dismiss the petition from the files is not in itself an appealable order, is in principle not unlike those with which this court has been confronted in numerous cases involving attempts to appeal from rulings refusing to dismiss actions or quash service of summons. We have repeatedly and uniformly held that the overruling of a motion to dismiss an action, made by the defendant, is not one of the orders of the district court from which an appeal lies to the supreme court until final disposition of the cause in the court below (*Brown v. Kimble,* 5 Kan. 80; *Dolbee v. Hoover,* 8 Kan. 124; *Simpson v. Rothschild,* 43 Kan. 33, 22 Pac. 1019; *Hudson v. Hudson,* 142 Kan. 358, 46 P. 2d 882; *St. Paul Fire and Marine Ins. Co. v. Bender,* 153 Kan. 752, 113 P. 2d 1062). The same holds true of orders refusing to set aside the service of a summons (*Potter v. Payne,* 31 Kan. 218, 1 Pac. 617; *Reynolds v. Bank,* 66 Kan. 461, 71 Pac. 847; *Oil Co. v. Beutner,* 101 Kan. 505, 167 Pac. 1061; and *Tinkler v. Devine,* 159 Kan. 308, 315, 154 P. 2d 119).

As we conclude we pause to note the record discloses another reason which precludes consideration of the question appellant seeks to have reviewed.

Our statute (G. S. 1935, 60-1504) requires that the petition in a divorce action must be verified as true by the affidavit of the plain-

tiff. Irrespective of the merit of appellant's position with respect to the original petition it appears that pleading was amended prior to the ruling on the motion to strike in such manner that there could be no question regarding the validity of the verification. We are not advised whether the amendment was made before or after the appellant's answer day. But that makes no difference. Our civil code (G. S. 1935, 60-756) permitted the amendment without leave, before answer; if after, it (G. S. 1935, 60-759) authorized the amendment by permission of the court. In view of the state of the record we must assume the amendment was made under one circumstance or the other. The result, since the court's ruling on the motion was based upon the state of the pleadings on the date of its rendition, is that the motion as directed against the petition as originally filed is not here on appeal now.

Appellant's contention the amended verification to the petition does not relate back to the date of the original petition is not tenable. Assuming, without passing upon his contention, the original affidavit was improperly verified it was, nevertheless, verified in such manner that at the very most it can be said to be voidable only. This court has so held (*Swearingen v. Howser,* 37 Kan. 126, 14 Pac. 436; *Cheyenne County Comm'rs v. Walter,* 83 Kan. 743, 112 Pac. 599; *Belinder v. Cupp,* 156 Kan. 729, 137 P. 2d 139). In that situation, in attachment proceedings and proceedings to open judgments, we hold the original affidavit may be amended by a proper verification and that when the amendment is filed it will relate back to the original (*Cheyenne County Comm'rs v. Walter,* supra; *Swearingen v. Howser,* supra). We see no reason why the same rule should not be applicable to the affidavit to a petition in a divorce proceeding. Such is the general rule. See 17 Am. Jur. 310, § 316, holding that even where the verification of the petition in a divorce action is a jurisdictional requirement the right to amend by supplying the necessary verification before trial is generally recognized and 27 C. J. S. 713, § 120, stating amendment of defects in the affidavit should be allowed on timely request and that a plaintiff may properly be permitted to file an amended or substituted affidavit.

*Tootle, Hanna & Co. v. Smith,* 34 Kan. 27, 7 Pac. 577, principally relied on by appellant as supporting his contention with respect to the last point considered is not helpful. What is held there has been

superseded if not actually overruled by *Swearingen v. Howser*, supra. The two decisions are distinguished and their present force and effect discussed at page 732 of the opinion in *Belinder v. Cupp*, supra.

The appeal is dismissed.

HOCH, J., not participating.