No. 39,010

ANTHONY (TONY) RUGGLES, *Appellee*, v. W. C. SMITH, JR., and FRANK TUTTEROW, *Appellants*.

(259 P. 2d 199)

Opinion filed July 6, 1953.

*N. E. Snyder*, of Kansas City, argued the cause, and *E. R. Morrison, R. L. Hecker, Henry W. Buck, Wm. H. Cozad*, and *Randolph P. Rogers*, all of Kansas City, Mo., were with him on the briefs for the appellants.

*John E. Shamberg*, of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, Thomas E. Joyce, Norma Braly*, and *Joseph P. Jenkins*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for personal injuries sustained by plaintiff while riding as a passenger in an automobile being driven by one of the defendants while on busi-

ness as an agent for certain other defendants. The appeal is from an order of the trial court overruling separate demurrers of defendants Smith and Tutterow to plaintiff's amended petition as amended.

Plaintiff's petition and amendment thereto alleged that he was a resident of Kansas City, Mo.; that the defendant Charles T. Agers was a resident of Kansas City, Kan.; defendant W. C. Smith, Jr., was a resident of the state of Missouri; defendant Frank Tutterow was a resident of the state of Indiana; Knoxall Corporation was an Indiana corporation; O. C. Winters and Jeanette Winters, co-partners doing business as Midwest Soap Company, were residents of the state of Indiana; that all the parties were residents of the states respectively indicated at the time this cause of action arose. Plaintiff states that defendants W. C. Smith, Jr., Frank Tutterow, Knoxall Corporation, O. C. Winters and Jeanette Winters are non-residents of the state of Kansas and by virtue of the facts set forth, are such parties contemplated by G. S. 1949, 8-401 and 402. Plaintiff alleged that all the defendants, except Agers and Tutterow, were engaged in the business of selling soap by means of house-to-house canvassing, carried out by their employees, and that such defendants operated and maintained several motor vehicles for the purpose of transporting their soap canvassers to and from the various localities where the canvassing was conducted. This transportation was for the mutual convenience, profit and gain of the salesmen, including plaintiff and all the defendants, except Agers. At the time the cause of action arose, plaintiff was employed by the defendants, except Agers and Tutterow, as a salesman and canvasser in the sale of such defendants' soap.

Defendant Tutterow was employed by the defendants, except Agers, in the capacity of a supervisor of salesmen. Among other things, his duties included driving the canvassers in a car owned by the defendants to and from the various localities in which canvassing and selling were being conducted. He also instructed the salesmen in the method of selling, and distributed the soap to them. He collected the proceeds of their sales and accounted for them to the mentioned defendants.

On October 28, 1949, plaintiff had been working as a canvasser and salesman as above described in a locality west of Kansas City and in the state of Kansas. Having completed his duties for the day, he was being transported to Kansas City, Missouri, in one of

78

the defendants' except Agers, automobiles which was being driven by defendant Tutterow. As they were traveling east on U. S. Highway 40, in the state of Kansas, approximately five and one-half miles west of Kansas City, the automobile driven by defendant Tutterow, in which the plaintiff was riding, collided with the rear end of an automobile also traveling east on the same highway, owned and operated by defendant Agers. As a result of the collision, plaintiff suffered injuries which caused him to be hospitalized for fourteen weeks and to be confined to his home for a period of nine months.

Plaintiff alleged that the collision and resulting injuries were directly and proximately caused by the joint and concurrent negligence of all the defendants, and alleged negligence against defendants in the following manner: His employers were charged with negligence in failing to furnish plaintiff a safe means of transportation and that the vehicle in which plaintiff was riding at the time of the collision was unsafe, due to the careless and negligent operation of defendant Tutterow; that the defendants, except Agers, and each and all of them through their agent defendant Tutterow, acting at the time within the scope of his authority on behalf of his principals aforementioned, and the defendant Tutterow for himself, were negligent in operating the automobile at the time at an excessive rate of speed, in failing to keep a careful lookout, to observe the vehicle of the defendant Agers, when by the exercise of ordinary care defendant Tutterow could have seen the vehicle in time to avoid such collision; in failing to keep the vehicle under control, and in failing to apply the brakes. The defendant Charles T. Agers was charged with negligence in failing to stop his vehicle before entering into and upon a through highway, in failing to yield the right of way, failing to keep a lookout, and entering a through highway when to do so could not be safely accomplished under the circumstances, and in driving his vehicle at a low speed so as to impede or block the normal flow of traffic.

The petition was verified by counsel for plaintiff on information and belief and was filed, summonses issued and service had, pursuant to G. S. 1949, 8-401 and 402, on September 28, 1951. The verification to the original petition was amended by plaintiff's attorney on November 15, 1951. The amended verification, in substance, stated that he was one of the attorneys for the plaintiff; that the plaintiff was not a resident of the state of Kansas, nor present in Wyandotte county, and that affiant had read the petition and that

the allegations therein contained were true as he verily believed. Motions to quash service of summons were filed by defendants Smith and Tutterow which were overruled, and subsequent motions to strike and make definite and certain were overruled except in one particular. On January 11, 1952, plaintiff filed his amended petition carrying the following verification, omitting the formal parts:

"John E. Shamberg, of lawful age, being first duly sworn upon his oath, deposes and states that he is one of the attorneys for the plaintiff in the above cause. That the plaintiff is not a resident of nor is he present in Wyandotte County, Kansas, and for that reason affiant verifies the above petition by this, his affidavit; that affiant has read the foregoing petition; knows its contents and states that the allegations and averments therein contained are true, so he verily believes."

Motions were again filed by defendants Smith and Tutterow, which were properly overruled *in toto*. They then filed their separate demurrers to the petition as amended, which were overruled. It is from the overruling of these demurrers that these defendants appeal.

The specifications of error are that the trial court erred in overruling the separate demurrers of defendants Smith and Tutterow to the amended petition, on the ground the court had no jurisdiction of the persons or the subject matter of the action, for the reason that plaintiff personally failed to verify the petition and amendments thereto, and that the service of process based thereon was ineffectual, and that the amended petition did not state facts sufficient to constitute a cause of action.

We will first consider the jurisdictional question. The procedure for obtaining service of process on a nonresident motorist is set out in G. S. 1949, 8-401 and 402. Section 8-401 provides that the acceptance by a nonresident person of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Kansas, or the operation by a nonresident person, or his authorized agent, of a motor vehicle on said highways, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his agent, upon whom may be served all lawful process in any action against the nonresident, growing out of any accident or collision in which the motor vehicle may be involved while being operated by such nonresident or his authorized agent.

Section 8-402 concerns the method of serving process in such cases. It provides, in part, as follows:

"The manner of procuring and serving process in any cause, brought pursuant to the preceding section, shall be as follows, to wit: The plaintiff shall file *a verified petition* in one of the district courts of the state, in the county where the cause of action arose or the plaintiff resides, showing a cause of action against the defendant of the class contemplated in section 1 [8-401] hereof; and shall further show in said petition, or by affidavit, to the satisfaction of the judge of said court, that the defendant is one of the persons contemplated in section 1 [8-401], and the residence of said defendant, and a description of the car or motor vehicle claimed to have been operated by the said defendant, or his agent, as near as the same can reasonably be ascertained by the plaintiff; and the time, place and nature of such accident, or injury. Upon such showing being made, the judge shall make an order, directing that service of process be made on the defendant as provided in section 1 [8-401] hereof; . . ." (Emphasis supplied.)

A discussion as to the purpose of the mentioned statute will be found in *Eisman v. Martin*, 174 Kan. 726, 258 P. 2d 296.

Defendants contend that the mentioned statute requires the petition to be verified personally by the plaintiff. There is nothing in the statute that says the plaintiff should verify the petition by his own affidavit, nor does it appear that it was the intention of the legislature to require it to be so made. In fact, we may assume that the opposite was intended, for had that body desired to make the verification required in the nonresident motor statute personal to the plaintiff, it would have so stated as it did elsewhere, for instance, in the statute providing for the verification for a divorce petition (G. S. 1949, 60-1504). That statute provides the petition must be verified as true by the affidavit of the plaintiff. It would have been a simple matter for the legislature to have so provided in the nonresident motor statute, and its failure to so specify leads us to the conclusion that the general provisions of the statute relating to verification of pleadings was intended to apply to the nonresident motor vehicle statute in question. G. S. 1949, 60-732 provides that the affidavit shall be sufficient if it states that the affiant believes the facts stated in the pleadings to be true. Section 60-735 provides for a verification by an agent or attorney when the party is not a resident of or is absent from the county. We are of the opinion that the verification of the original petition made by Mr. Shamberg was a substantial compliance with section 60-735. The petition disclosed upon its face that the plaintiff was a nonresident of the state of Kansas, and a resident of the state of Missouri, and that Mr. Shamberg was one of the plaintiff's attorneys. The verification was by Mr. Shamberg as plaintiff's attorney and verified upon information and belief in accordance with section 60-732.

This verification was amended on November 15, 1951, and was in strict compliance with section 60-735. Subsequently an amended petition was filed, and again plaintiff's counsel verified the amended petition in strict compliance with section 60-735. It is defendants' contention that the subsequent amendments to the verification did not relate back to the filing of the original petition. A similar contention was made before this court in the case of *Pulliam v. Pulliam,* . 163 Kan. 497, 183 P. 2d 220, wherein we stated:

"Appellant's contention the amended verification to the petition does not relate back to the date of the original petition is not tenable. Assuming, without passing upon his contention, the original affidavit was improperly verified it was, nevertheless, verified in such manner that at the very most it can be said to be voidable only. This court has so held (*Swearingen v. Howser,* 37 Kan. 126, 14 Pac. 436; *Cheyenne County Comm'rs v. Walter,* 83 Kan. 743, 112 Pac. 599; *Belinder v. Cupp,* 156 Kan. 729, 137 P. 2d 139). In that situation, in attachment proceedings and proceedings to open judgments, we hold the original affidavit may be amended by a proper verification and that when the amendment is filed it will relate back to the original (*Cheyenne County Comm'rs v. Walter,* supra; *Swearingen v. Howser,* supra). We see no reason why the same rule should not be applicable to the affidavit to a petition in a divorce proceeding. Such is the general rule. See 17 Am. Jur. 310, § 316, holding that even where, the verification of the petition in a divorce action is a jurisdictional requirement the right to amend by supplying the necessary verification before trial is generally recognized and 27 C. J. S. 713 § 120, stating amendment of defects in the affidavit should be allowed on timely request and that a plaintiff may properly be permitted to file an amended or substituted affidavit." (p. 500.)

Without further comment, suffice it to say that defendants' contention that the court was without jurisdiction is untenable, and the court properly overruled the demurrers in respect thereto.

Defendants next contend that the petition as amended does not allege any breach of duty owing from defendants to plaintiff. We have carefully examined the amended petition and find sufficient allegations that the defendants, except Agers, assumed the responsibility of carrying the plaintiff and other employees to and from their work and that they provided the automobiles by which they should be carried, and selected the driver, defendant Tutterow, as their agent to operate the automobile in which the plaintiff was riding, and having taken upon themselves the responsibility of the transportation of the plaintiff and other employees, the defendants owed them the duty to see that they were carefully and properly transported. (*Phillips v. Armour & Co.,* 108 Kan. 596, 196 Pac. 245; *Hartman v. Orcutt,* 139 Kan. 785, 33 P. 2d 133.)

Defendants next contend the petition shows the plaintiff guilty of contributory negligence, and that it does not show the defendants guilty of negligence which was the proximate cause of the injury, and that the amended petition is not framed upon a single theory. We have carefully examined the amended petition and considered the contentions of the defendants and find them without merit. It follows that the judgment of the trial court must be affirmed.

It is so ordered.