Dunlap v. Denison.

---

HARRY W. DUNLAP, *Appellee*, v. C. E. DENISON *et al.*
(CHARLES E. GIBSON, *Appellant*).
No. 16,828.

SYLLABUS BY THE COURT.

1. WORDS AND PHRASES—*"Actual Notice"*—*"Knowledge."* Actual notice and knowledge are not always synonymous. Upon proof of sufficient facts the law will presume that a party has information equivalent in its legal effects to actual knowledge.

2. JUDGMENTS—*Publication Service—Opening—Actual Notice—Agent.* A party against whom a judgment has been rendered upon service by publication only can not have the judgment opened up under section 83 of the code of 1909 by showing that he had no actual notice of the action in time to defend, where it sufficiently appears by counter affidavits that an agent duly authorized by him to represent him in the subject matter of the litigation had notice in time to defend.

3. ——— *Notice to Agent—Authority of Agent.* Where such an application is made and counter affidavits are presented, and it is attempted to bring actual notice to the defendant by showing notice to an agent, the authority of the agent to represent the party in the particular litigation in which the notice was given must be established by clear and satisfactory proof.

4. ——— *Same.* The evidence in this case examined and held not sufficient to show authority of the agent to represent the appellant in the subject matter of the action.

Appeal from Cheyenne district court. Opinion filed January 7, 1911. Reversed.

*Fred Robertson,* for the appellant.

*J. L. Finley,* and *W. S. Langmade,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Charles E. Gibson lives at West Newton, Mass. Harry W. Dunlap brought suit against Gibson to quiet title to a tract of land in Cheyenne county, and obtained service upon him by publication only. On May 28, 1907, judgment by default was taken in favor of Dunlap. On August 15, 1908, Gibson filed an application to open up the judgment under section 83 of the code of 1909, gave notice to the adverse party of his intention to make the application, as provided by the statute, and filed a full answer to the petition. The affidavits in support of this motion to open up the judgment alleged that he had no actual notice of the pendency of the motion in time to appear and make his defense. The court denied the motion, and he appeals.

On the hearing the plaintiff, by way of counter affidavit, offered in evidence the deposition of Gibson, in which the latter testified that he had been engaged in western land business for twenty-three years, and, so far as possible, took personal charge of his business. He further testified:

"My Kansas interests are quite large and varied, and are in charge of different men. Albert E. King, of McPherson, Kan., has personal charge of my land business with a field force under his authority. My attorneys in different parts of the state have charge of foreclosures and other litigations."

He was then asked:

"Has Mr. King authority from you to employ counsel to bring a legal action in the event that the same should be necessary? Ans. If my interests were jeopardized by any legal action, and there was not time for him to consult with or get written instructions from me, he would have authority to employ counsel in such emergency."

Dunlap v. Denison.

The plaintiff then introduced evidence showing that A. E. King knew of the pendency of the suit as early as May 28, 1907, before the default judgment was taken.

In our opinion the court should have opened the judgment. The statute expressly provides that the judgment may be opened up if it be made to "appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense." (Code 1909, § 83.) The statute is remedial, and should be liberally construed. In *Beckwith v. Douglas,* 25 Kan. 229, it was held that by the words "actual notice" it is not necessary that the defendant be fully informed as to the time of commencing suit, the court in which it is commenced, the property attached, the exact amount claimed, nor the date named for the answer. It was further said:

"It is enough that he is distinctly and clearly notified that such a suit has been commenced and is pending against him, and notified from such a source, and within such a time, that, by the exercise of ordinary and reasonable care and prudence, he can ascertain all details and make his defense. And where a good and meritorious defense is presented, courts will not scan too closely or technically any omission to pay prompt attention to uncertain and indefinite notices." (p. 234.)

There seems to be an irreconcilable conflict in the authorities as to whether actual notice is synonymous with knowledge. (29 Cyc. 1113; 21 A. & E. Encycl. of L. 581, note 4.) The better rule seems to be that announced in *Cleveland Woolen Mills v. Sibert, Ward & Co.,* 81 Ala. 140, where it was said in the opinion: "However closely actual notice may, in many instances, approximate knowledge, . . . there may be actual notice without knowledge." (p. 145.) In section 594

of volume 2 of the third edition of Pomeroy's Equity Jurisprudence the author says:

"Within the meaning of the rules, notice may, I think, be correctly defined as the *information concerning a fact* actually communicated to a party by an authorized person, or actually derived by him from a proper source, or else presumed by law to have been acquired by him, which information is regarded as equivalent *in its legal effects* to full knowledge of the fact, and to which the law attributes the same consequences as would be imputed to knowledge."

No doubt cases might arise where a party would be held to have had actual notice under section 83 of the code by proof of notice to an agent duly authorized to act for him in the matter. In our opinion, the appellee failed to prove by satisfactory evidence that King had authority to represent the appellant in the particular litigation concerning which the notice was given. The provision of the code authorizing judgments to be opened has always been liberally construed, and, where such an application is resisted, and it is attempted to bring to a party actual notice of the pendency of the action by showing notice to an agent, the authority of the agent to represent him with respect to the subject matter of the action should be established by clear and satisfactory proof. There must be facts shown from which the law will presume the party to have acquired information equivalent in its legal effects to actual knowledge.

The judgment is reversed and the cause remanded, with instructions to open up the judgment and allow the appellant to defend.