Pease v. Reser.

---

No. 27,054.

C. C. Pease, *Appellant,* v. E. Reser et al., *Appellees.*

SYLLABUS BY THE COURT.

Appeal and Error — *Facts Determined on Conflicting Evidence Conclusive.* Rule followed that questions of fact determined by a trial court on conflicting oral evidence are conclusive in the supreme court.

Appeal from Anderson district court; Hugh Means, judge. Opinion filed January 8, 1927. Affirmed.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.
*John K. Bowman* and *Dewitt M. Stiles,* both of Garnett, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiff commenced this action to set aside a judgment rendered against him in favor of the defendants in an action pending in the district court of Anderson county in which E. Reser was plaintiff and C. C. Pease and others were defendants. Judgment was rendered in favor of the defendants and others who were intervenors. The plaintiff appeals.

The judgment which the plaintiff sought to have set aside canceled an oil and gas lease held by the plaintiff and Pelatiah Pease. The present action was commenced under section 60-3011 of the Revised Statutes. The petition to set aside the judgment alleged that the plaintiff, C. C. Pease, had a good and valid defense to the causes of

---

Appeal and Error, 4 C. J. p. 858 n. 3; 2 R. C. L. 194.

action on which judgment was rendered against him, which defense
had been set up in an answer filed in that action; that the cause was
tried without his knowledge and in his absence; that he was thus
prevented from showing his defense; that he had employed John J.
Jones, an attorney at law, to conduct his defense; that John J. Jones
had agreed to notify the plaintiff of the time when the action would
be tried; that John J. Jones mailed a letter to the plaintiff at his
post-office address, notifying him of the time when the action would
be tried, but that the letter was never received by the plaintiff. In
the present case, answers were filed by those resisting the petition of
the plaintiff.

Evidence was introduced on the trial of the action. The evidence
in behalf of the plaintiff tended to prove the allegation of his peti-
tion. The defendant introduced evidence which tended to prove
that the plaintiff, about a week previous to the trial of the action
in which the judgment was rendered against him, in conversation
with one of the parties to that action, stated that he knew that the
case was coming on for trial on the day for which it was set and
that he would be present. There was, therefore, contradictory evi-
dence concerning the plaintiff's knowledge of the time of trial. The
court in an opinion stated that "I can't find as a matter of fact that
there is such unavoidable casualty or misfortune as prevented the
defendant in the case of *Reser v. Pease* from properly defending his
action." Whether or not the plaintiff by unavoidable casualty was
prevented from defending was a question of fact to be determined
from the evidence. That question was determined against the plain-
tiff on evidence which supported the finding of the court. That find-
ing is therefore conclusive at this time.

The judgment is affirmed.