No. 28,551.

Cora Ford, *Appellant,* v. W. H. Blasdel, *Appellee.*

(276 Pac. 283.)

Opinion filed April 6, 1929.

*William Keith* and *Lester Wilkinson,* both of Wichita, for the appellant.

*R. E. Angle* and *C. R. Sowers,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought to open up a judgment obtained by default in favor of Cora Ford and against W. H. Blasdel, upon the ground that the defendant was prevented by unavoidable casualty and misfortune from making a defense. The judgment was set aside and plaintiff appeals.

An earlier motion had been filed by defendant to quash the summons and to set aside the judgment rendered on the ground that no summons was served upon him, that he had no knowledge of the

44

action or judgment, and that therefore the court was without jurisdiction.  He asked that the summons be quashed and the judgment set aside.  After hearing testimony as to the residence of the defendant, and as to the place in Wichita where a copy of the summons had been left on the theory that it was his usual place of residence, the court overruled the motion.  Following that ruling the defendant then filed a verified petition to vacate or open up the judgment for unavoidable casualty and misfortune by which he had been prevented from defending against plaintiff's action.  In compliance with the code provision the defendant set forth the grounds for the opening of the judgment and also pleaded his defense to the action.  On the showing made on this petition the court determined that defendant had been prevented by unavoidable casualty from presenting his defense, and that having set forth a meritorious defense he was entitled to be let in to defend.  Plaintiff contends that the decision denying the motion to quash the summons and set aside the judgment for lack of jurisdiction is an adjudication which barred the original petition to vacate or open up the judgment in order that a defense might be made.  The contention is not sound.  The first motion challenged the jurisdiction of the court because of insufficient service of the summons, and the second proceeding was brought after the term and on the assumption of the defendant that there was jurisdiction, but that he by reason of unavoidable casualty had not been permitted to present a meritorious defense which he had to plaintiff's action.  While some of the testimony given in the latter motion as to movements of the defendant and his residence at the time the action was brought and pending was presented on the motion to quash the service, the two proceedings, however, were distinctly different, were based on different grounds and brought for a different relief.  One treated the judgment as a nullity and the other as an existing adjudication which would be binding unless set aside for equitable reasons prescribed by law.  The statute provides that for certain reasons, one of which is that a defendant who was prevented from making a defense by unavoidable casualty or misfortune, a party may have the judgment set aside and be permitted to defend if he satisfies the court that he has a meritorious defense to the action.  (R. S. 60-3011 *et seq.*)  The former ruling is in no sense a bar to the proceeding to open up the judgment.  In *Cheyenne County v. Walter,* 83 Kan. 743, 112 Pac. 599, it was held that the fact that the defendant had challenged the validity of a service and

the jurisdiction of the court does not preclude defendant from making an application to have the judgment opened up and be given an opportunity to defend. In that connection it has also been said:

"Where the second application is for different relief, as, for instance, where the former motion was to vacate a judgment as a nullity, and the second is to open such judgment and let the applicant in to defend, or *vice versa,* the denial of the first motion is no bar as to the second." (34 C. J. 389.)

It is argued that the evidence was not sufficient to warrant the action of the court in opening the judgment. There was conflict in the evidence, but it is sufficient, we think, to sustain the ruling. The statute under which the judgment was opened up is remedial in its nature and must be liberally interpreted. (*Cheyenne County v. Walter,* supra; *Dunlap v. Denison,* 83 Kan. 757, 112 Pac. 598.) Of that statute it has been said:

"Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can possibly be done consistent with the rights of other parties." (*Albright v. Warkentin,* 31 Kan. 442, 445, 2 Pac. 614.)

It was the province of the court to weigh the evidence as to whether the casualty or misfortune relied on was real or an affectation. It has been ruled that:

"Whether or not the plaintiff by unavoidable casualty was prevented from defending was a question of fact to be determined from the evidence. That question was determined against the plaintiff on evidence which supported the finding of the court. That finding is therefore conclusive at this time." (*Pease v. Reser,* 122 Kan. 433, 252 Pac. 211.)

It may be said that in granting or refusing an application of this kind, the court is vested with considerable discretion. On the record of the case it cannot be said that there was an abuse of the sound judicial discretion vested in the court.

The judgment is affirmed.