No. 30,334.

George Gordon, *Appellant*, v. Freda Tennhardt, *Appellee*.

(8 P. 2d 328.)

Opinion filed March 5, 1932.

*Clyde P. Schenck* and *J. J. Schenck,* both of Topeka, for the appellant.

*Ralph T. O'Neil, John D. M. Hamilton* and *Barton E. Griffith,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Smith, J.: The action was to vacate a judgment and to permit defendant to come in and defend. An order was entered vacating the judgment and granting defendant a new trial. From that order plaintiff appeals.

The facts are substantially as follows: Appellant brought suit against appellee in the court of Topeka. Both parties were represented by counsel in that court. Judgment was for appellee. Appellant appealed to the district court. The case was assigned to the second division. It was set for trial in that division on September 17, 1929. Shortly before that time counsel for appellant talked to counsel for appellee and learned that he still represented appellee and obtained his consent that the case should be taken out of the assignment on account of appellant being out of town. This was done. Soon after this the second division commenced the trial of the criminal docket. Ordinarily the trial of this docket would have occupied the time of that division for the balance of the term. On November 13, 1929, counsel for appellee was compelled to be absent from the city in another state. He returned December 6, 1929. Upon his return he found a large accumulation of work which demanded his attention. December 2, 1929, the case was set for trial on December 10. The record does not disclose just how this setting came about. The setting was printed in each issue of the *Daily Legal News* from December 2 to December 10. This paper is pub-

lished pursuant to an order of a former judge of the district court of Shawnee county under chapter 220 of the Laws of 1911. When the case was called on December 10 neither appellee nor her counsel were in court. Upon inquiry by the court counsel for appellant stated that he was ready for trial or that the case could be taken out of the assignment. The court stated that it would dispose of the case. Whereupon the evidence of appellant was introduced and judgment given for him. This judgment was published in the *Daily Legal News* for December 14, 1929. A journal entry of judgment was drawn by counsel for appellant on December 10 and signed by the court on that day. This journal entry was not presented to counsel for appellee for his approval. The term of court ended January 10, 1930. Along in February, 1930, appellant first learned of this judgment. Her counsel did not learn of it till she told him. As soon as counsel learned of it he filed this motion to vacate the judgment entered on December 10, 1929, and for a new trial. This petition was filed under the seventh subdivision of R. S. 60-3007. That section is as follows:

"60-3007. The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made.

. . . . . . . . . . . .

"Seventh. For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

Appellant filed an answer to the petition of appellee. Together the pleadings make a story of events about as detailed here, except that appellee set out her defense to the original action, as required by R. S. 60-3011.

There was no substantial dispute in the evidence. Trial was to the court and judgment was rendered sustaining the petition and granting appellee a new trial. From that judgment this appeal is taken.

Appellant urges that his objection to the introduction of any evidence in support of the petition should have been sustained. He argues two reasons therefor, as follows: That it does not set out facts constituting any unavoidable casualty or misfortune, but shows the defendant did not appear, owing to the negligence of her counsel, and that the petition does not set out the judgment sought to be set aside. In support of the first objection, as noted, appellant cites cases where this court has refused to approve the vacating of

judgments under the statute relied on here, where the condition in which the party seeking to vacate the judgment found himself was the result of his own negligence. We have concluded that the allegations of the petition were sufficient to warrant the court in overruling the objection to the evidence offered in support of it. This court has said that this statute is remedial in its nature and must be liberally interpreted. (See *Cheyenne County v. Walter*, 83 Kan. 743, 112 Pac. 599, and *Dunlap v. Denison*, 83 Kan. 757, 112 Pac. 598.) In speaking of the statute in question this court said: '

"It may be said that in granting or refusing an application of this kind, the court is vested with considerable discretion." *(Ford v. Blasdel,* 128 Kan. 43, 45, 276 Pac. 283.)

In an early case this court used some language that applies well to this case. It is as follows:

"Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can possibly be done consistent with the rights of other parties." *(Albright v. Warkentin,* 31 Kan. 442, 445, 2 Pac. 614.)

We have examined the claim of appellant that the petition to vacate did not sufficiently set out the judgment sought to be vacated. The reason for this provision is to enable the person who obtained the judgment to know just what judgment is being attacked so that he may make his defense to the petition. In this case we have concluded that the judgment was set out in sufficient detail to satisfy this requirement.

Appellant makes the further argument that the evidence introduced in support of the petition did not show any unavoidable casualty or misfortune, but did show negligence chargeable to the defendant. What has been said with reference to the objection to the introduction of the evidence applies equally well to this argument. There is a further reason, moreover, why this argument is not good. While rules 31 and 32 of the supreme court were not mentioned in the pleadings, they were mentioned in the evidence. Rule 31 is as follows:

"In all causes or matters in which adverse counsel has appeared of record, no default judgment shall be rendered except upon motion and the giving of at least a three days' notice to such adverse counsel of the hearing thereof."

Rule 32 is as follows:

"When any motion or demurrer is ruled upon, or any cause decided, counsel for the prevailing party shall, within ten days, prepare a journal entry of the ruling or decision and present it to counsel for all adverse parties, who shall approve it or note their objections to it and return it the same day or within five days. If approved by counsel it shall be forthwith presented to the judge of the court for his approval. If counsel cannot agree on the journal entry it shall be noticed to be taken up by the court not later than the next motion day, and its form and contents determined."

Counsel for appellee testified that no effort was made to comply with either one of these rules. The court knew that had rule 32 been complied with counsel for appellee would have known about the judgment during the term and could have brought it to the attention of the trial court and obtained a new trial without the necessity for filing a petition under R. S. 60-3007. Counsel for appellant also testified that he did not call counsel for appellee on the day the case was set and advise him that the case was about to be taken up, on account of a misunderstanding that had occurred in the court of Topeka between counsel. The trial court, no doubt, saw all these things, considered them and was not satisfied that the correct result had been reached. We have heretofore in this opinion referred to the fact that a great deal of discretion is lodged in the trial courts in matters of this kind. We see no reason for disturbing the result reached.

The judgment of the trial court is affirmed.