No. 36,432

In re Estate of FRANK LILLIBRIDGE, Deceased (ANABELLE DUSING, *Appellant*, v. EVA SCHUESSLER, as an Individual and as Executrix of the Last Will of Frank Lillibridge, deceased, *Appellee* and *Cross-appellant*).

(166 P. 2d 720)

Opinion filed March 9, 1946.

*Samuel E. Bartlett,* of Wichita, argued the cause, and *John N. Free, George M. Ashford, Robert C. Foulston, George Siefkin, George B. Powers, Stuart R. Carter* and *Thomas E. Woods,* all of Wichita, were on the briefs for the appellant.

*Frank C. Baldwin,* of Concordia, argued the cause, and *Charles L. Hunt* of Concordia, and *F. R. Lobaugh,* of Washington, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: The principal question presented in this appeal is whether the probate court lost jurisdiction for the purpose of va-

cating an order admitting a will to probate because the petition seeking to set aside and vacate such order was filed after the expiration of thirty days from the date of the order admitting such will to probate. The probate court and the district court, on appeal, held in substance, on the pleadings, that the order admitting the will to probate could not be vacated. The case involves construction of G. S. 1943 Supp. 59-2213, which reads as follows:

". . . The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by section 605 of the code of civil procedure."

Comprehension of the legal questions involved requires a statement of the essential facts, which follows:

A will of Frank Lillibridge was admitted to probate in the probate court of Washington county, Kansas, on November 17, 1943, upon the petition of his daughter, Eva Schuessler, who as executrix and individually is the appellee and cross-appellant. Anabelle Dusing, the appellant, was named as a beneficiary in the will. She had voluntarily entered her appearance in the probate court prior to the time the will was admitted to probate and had not then protested its admission in any manner. On February 1, 1944, Anabelle Dusing filed in the probate court a petition to vacate and set aside the order of November 17, 1943, admitting the decedent's will to probate. Such petition alleged that Anabelle Dusing was a daughter of Frank Lillibridge, deceased, and

"That since November 17, 1943, it has been discovered that said Frank Lillibridge, deceased, duly executed and had properly and legally witnessed two wills subsequent to May 5, 1928, [the date of the admitted will] both of which wills revoked any and all former wills by him made, the two said wills having been made and executed on August 20th, 1935, and August 21st, 1937; that true and correct copies of the two said last mentioned wills, except for signatures, are hereto attached and are by this reference made a part hereof.

"That the two wills referred to in the preceding paragraph, dated August 20th, 1935, and August 21st, 1937, were both, subsequent to their execution, retained in possession by the said Frank Lillibridge, and were both later revoked by him by destruction prior to his death. That no valid and subsisting will has been discovered since his death, and that he died intestate.

"That the said Frank Lillibridge left as his only heirs at law two daughters, Mrs. Eva Schuessler of Hanover, Kansas, and Mrs. Anabelle Dusing, this petitioner, of 2103 South St. Francis, Wichita, Kansas.

"That the said Frank Lillibridge left as his estate at the time of his death personal property of the approximate value of $20,000.00 and real estate of

the approximate value of $50,000.00, and that an administrator should be appointed to administer his estate.

"That it is the wish and desire of this petitioner that John A. Maxwell of Washington, Kansas, be appointed administrator of the estate of Frank Lillibridge, deceased, to administer said estate in conformity with law and the orders of this court.

"Wherefore, it is respectfully prayed that an order be herein made setting aside the order heretofore made by this court admitting to probate as the will of Frank Lillibridge, deceased, that instrument dated May 5th, 1928, hereinbefore submitted, and that such order further find that the said Frank Lillibridge died intestate, and that such order appoint John A. Maxwell as administrator of the estate of Frank Lillibridge, deceased."

Subsequently and before the hearing thereon, appellant amended her petition by adding as paragraph 5 thereof the following paragraph:

"That the execution of the wills of 1935 and 1937 hereinbefore referred to, which as hereinbefore stated revoked the 1928 will hereinbefore offered for probate, was not discovered or learned of by the petitioner herein until after the expiration of thirty days subsequent to the making of the order herein made admitting the 1928 will to probate, and was therefore not known to said petitioner at the time said 1928 will was admitted to probate."

To this petition cross-appellant filed the following objections:

"Come Eva Schuessler, the duly appointed, qualified and acting Executrix of the last will and testament of said decedent, and Eva Schuessler, as an individual, and object to the consideration by the court of the pretended petition filed herein on the 1st day of February, 1944, by Anabelle Dusing for an order setting aside the order made by said court on November 17, 1943, admitting the last will and testament of said decedent to probate for the following reasons, to-wit:

"1. Said court has no jurisdiction to hear said petition or to determine the same upon its merits or to grant the relief therein sought.

"2. Said petition was not filed within the time permitted by law for the filing of such petition, if in fact the law permits the filing of the same.

"3. No summons, process or other notice of the hearing of said petition has been issued and served.

"4. Said petition does not state facts sufficient to warrant the court in granting the relief prayed for in said petition.

"5. Said court is without power, jurisdiction, or authority to set aside its order of November 17th, 1943, admitting said last will and testament to probate, upon the petition of Anabelle Dusing, filed herein."

On July 17, 1944, the probate court sustained cross-appellant's objections to the petition of appellant to vacate the judgment. On July 31, 1944, the appellant appealed from the order of July 17, 1944, denying her petition to vacate the judgment admitting the will to probate, and at the same time appealed from the order of

the probate court made on November 17, 1943, admitting decedent's will to probate.

For the purpose of brevity and clarity Anabelle Dusing will hereinafter be referred to as the "appellant" and Eva Schuessler will be referred to as the "appellee' even though she is also a cross-appellant.

Nothing more occurred in the probate court in connection with the first proceeding. Seventeen days after the appeal was taken to the district court the appellant filed in the probate court a second proceeding. The pleading filed was designated as a "Petition for Allowance of Demand against Decedent's Estate." Examination of its allegations discloses that it sets up in substance the same factual matter contained in the petition filed by the appellant to vacate and set aside the order admitting the will to probate. Such "demand" alleged that the factual situation was such as to compel the court to find that the testator in fact died intestate, leaving the appellant and the appellee, his daughters, as his only heirs at law, and that therefore his net estate should be distributed share and share alike.

In contravention of such "demand" the appellee filed an answer which is summarized as follows: The appellee alleged that the order admitting the will to probate was a final order; was not effectively appealed from and was conclusive and *res judicata* upon and as against the appellant and all other persons concerned in the estate; a general denial of all allegations of fact contained in the "demand"; an allegation that the "demand" did not state sufficient facts to constitute a cause of action setting forth a claim against the decedent's estate; and concluded by alleging that on July 17, 1944, the court had adjudged upon the petition filed by the appellant in which was set forth substantially the same facts as were re-alleged in the "demand"; that the court was without power and jurisdiction to vacate and set aside its order admitting the will to probate; that such order was in full force and conclusive and *res judicata* upon the appellant and that therefore the probate court was still without power and jurisdiction to set aside and vacate the original order admitting the will to probate. On December 4, 1944, the probate court disallowed the "demand" filed by the appellant and on the same date she perfected an appeal therefrom to the district court. No further proceedings occurred in the probate court following the appeal from the order denying the "demand."

The appellee filed in the district court a demurrer to the "demand" of the appellant, which demurrer was presented to the district court on February 7, 1945, and then taken under advisement. On March 5, 1945, the district court dismissed the appeal from the order of the probate court entered as of December 4, 1944, disallowing appellant's "demand" upon the ground that the appellant had no right to appeal from such order or judgment and that the decision and judgment of the probate court was final and binding upon her. Nothing more was done in connection with the "demand." In connection with the original appeal, however, from the order admitting the will to probate and denying the petition to vacate it the following proceedings occurred:

On December 4, 1944, appellee moved to dismiss the appeal of the appellant taken on July 31, 1944, from the order admitting decedent's will to probate. The record does not disclose any ruling upon such motion. On January 9, 1945, appellee demurred to the petition of the appellant filed in the probate court on February 1, 1944, to vacate and set aside the order of the probate court admitting decedent's will to probate. Such demurrer was overruled and from that order the appellee has cross-appealed. On March 26, 1945, the appellee filed a motion under the provisions of G. S. 1935, 60-2902, for a determination in advance of trial of the following conclusions of law: "Is the judgment of the probate court of Washington county, Kansas, bearing date of December 4, 1944, res judicata upon the question sought to be litigated in this proceeding and does such judgment bar appellant from further litigating such questions and estop her from again litigating them in this action?" The motion was presented and allowed on April 17, 1945. The decree reads as follows:

"The court therefore concludes, and it is ordered and adjudged as a matter of law, that the judgment of the Probate Court of Washington County, Kansas, on December 4, 1944, is res judicata to all questions sought to be litigated by the appellant in this proceeding, constitutes a bar to further litigation of the same facts and issues herein, and operates as an estoppel upon the appellant from again litigating said questions in this action."

On April 24, 1945, appellee moved the court to give immediate operative effect to the legal conclusion and determination made by it on April 17, 1945. The court sustained the motion and the order covering the ruling concludes as follows:

"It is further by the court ordered that the motion of the respondents [appellee] for judgment in favor of the respondents and against the appellant on the pleadings and record, be, and the same is hereby sustained."

The appeal and cross-appeal to this court followed.

The first contention which requires consideration is whether the ruling made by the probate court denying the appellant's petition seeking to vacate the order admitting the will to probate was correct. The district court so held and technically we are concerned with whether the district court's ruling was correct. The petition to vacate disclosed newly discovered evidence of the creation and destruction of two wills subsequent to the date of the will which had been admitted to probate. Such facts were significant. Either G. S. 1935, 22-242, or G. S. 1943 Supp. 59-612, was in effect and their applicability in this case must be conceded. (See *Ross v. Woollard*, 75 Kan. 383, 89 Pac. 680.) We are not passing upon the effect of the alleged subsequent wills because we have no evidence sustaining their existence and do not know what, if any, defensive matter might be urged to defeat the effect of their creation. We are considering only the materiality of the allegations from the standpoint of justifying the relief sought by the appellant. The probate court was concerned primarily with whether the newly discovered evidence had been properly brought to its attention within the statutory period provided for such purpose and therefore whether it had power to vacate its order admitting the testator's will to probate. Did it have statutory power to vacate its orders? The answer is "yes." G. S. 1943 Supp. 59-302, reads as follows:

"The probate courts, in addition to their general jurisdiction, shall have power: . . . (7) To vacate or modify their orders, judgments, and decrees. . . ."

The perplexing problem which follows is when and under what circumstances may the court vacate its own orders. Such a problem brings us to consideration of the statute set forth near the start of the opinion. Since it is short, for convenience we repeat it:

". . . The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. *Thereafter* such orders, judgments, and decrees may be vacated or modified as provided *by section 605 of the code of civil procedure.*" (G. S. 1943 Supp., 59-2213.) (Emphasis supplied.)

In this case the petition to vacate the order was not filed until approximately seventy-five days after the order had been entered. The thirty-day provision consequently could not aid the appellant.

Therefore, this appeal raises for the first time, so far as our search discloses, the significance of the reference in the present probate code to section 605 of the code of civil procedure. Section 605 of such code is G. S. 1935, 60-3016, which reads as follows:

"The provisions of this article, subsequent to section 595 (60-3007), shall apply to all the courts of record of the state, so far as the same may be applicable to the judgments or final orders of such courts."

We turn to G. S. 1935, 60-3007. It reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: *First*, by granting a new trial for the cause, within the time and in the manner prescribed in this code. . . ."

Thus it will be seen that the first subsection of G. S. 1935, 60-3007, refers to the granting of a new trial at or after the term in the manner prescribed by the entire code. What are the code provisions relative to the granting of a new trial for newly discovered evidence? Such inquiry requires consideration of G. S. 1935, 60-3005, which reads:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, and more than three days after said verdict, report or decision was rendered or made, the application may be made by petition, filed as in other cases, *not later than the second term after discovery;* on which a summons shall issue, be returnable and served, or publication made, as prescribed in section 78 (60-2525). . . . but no such petition shall be filed more than one year after the final judgment was rendered." (Emphasis supplied.)

We note, also, the possible application of G. S. 1935, 60-3003, which reads:

"The application for a new trial *except for the cause of newly discovered evidence,* must be made by written motion stating the grounds therefor, filed within three days after the verdict or decision is rendered, unless unavoidably prevented. . . ." (Emphasis supplied.)

Subject to contrary contentions urged by the appellee, which will be considered later, we consider the effect of the cited statutes in the present case. The probate court had jurisdiction and power to vacate its order admitting the will to probate provided substantial compliance had been made with section 605 of the code of civil procedure within the time limitations set forth in the correlating sections of such code. Section 60-3007, *supra,* and section 60-3005, *supra,* when construed together, provide for the vacating and modifying of a judgment or order by granting a new trial upon

a showing of newly discovered evidence within the time and within the manner prescribed in the code. Within what time can such be done? The bench and the bar are entitled to as definite and clear an answer to such a question as can be determined from the applicable sections of the present probate code and the general code of civil procedure.

In briefing this question counsel for the parties have referred us to the history of the formation and adoption of the present probate code. Such counsel have pointed out that the probate code is the product of the efforts of lawyers, bar associations, the Judicial Council and the legislature, extending over a period of many years. The intent of the legislature, of course, is important and if the history of the legislation develops such intent, adequate consideration should be given thereto. The present case, however, does not present a necessity for a prolonged discussion of the history of the probate code. In deference to legislative intent, we note, however, a few facts which may be enlightening. G. S. 1943 Supp. 59-2213, had its source of prior law in G. S. 1935, 22-222. While such statute was in force and effect it provided:

"If no person interested or claiming to be interested shall *appear within one year* from the time of the making of any order by a probate court, probating or refusing to probate the will and contest the same, such order shall be forever binding, saving, however, to persons under legal disability, the period of one year after such disability is removed." (Emphasis supplied.)

When it came time to consider the corresponding provision in the present probate code, it appears to have been evident that some parties interested therein were of the opinion that the provision granting the probate court one year in which to set aside its orders gave too long a time for such purpose. In the draft of the proposed probate code, circulated in JCB, April, 1938, § 189, p. 36, the corresponding section read as follows:

". . . no final order, judgment, or decree shall be vacated, or modified after the *expiration of three months* from the date of the rendition thereof, except for fraud." (Emphasis supplied.)

When the legislature passed the probate code, effective July 1, 1939, evidently the parties interested in its passage thought that the limitation of three months provided in the circulated draft would be too short in some instances and too long in others. Consequently, the provision was modified by providing that the court should have control of its orders, judgments and decrees for thirty days but that

thereafter the same might be vacated or modified as provided by section 605 of the code of civil procedure. Therefore, it is very apparent that the legislature which passed the legislation intended that section 605 should be controlling when applicable. As a result of such history and the wording of the probate code this court should give corresponding emphasis to the reference in considering the legislative intent. What is the result? Section 605 of the general code (60-3016) requires us to refer to 60-3007 and the first subdivision of that section requires us to refer to 60-3005, which, as hereinbefore shown, permits a district court, even after term, to grant a new trial for a showing of newly discovered evidence not later than the second term after the discovery thereof. We are not advised by the record in the present case the exact date when the new evidence was first discovered. According to appellant's allegations the information relative to the existence of the wills of 1935 and 1937 was not discovered until after the expiration of thirty days subsequent to the making of the order admitting the former will of the testator to probate. Such order was made on November 17, 1943. Assuming that the discovery was made immediately after the thirty-day interval, would fix the date of the discovery on or about December 18, 1943. As before set forth, the petition to vacate the order was filed on February 1, 1944. This case arose in the probate court of Washington county, Kansas. Therefore, in construing G. S. 1943 Supp., 59-2213, *supra*, the probate court was required to consider the terms of the district court for Washington county. The terms of the district court for the twelfth judicial district, which includes Washington county, commence each year in the county of Washington as follows: The first Monday of March, the first Monday of June, and the third Monday of November. (See G. S. 1935, 20-1012.) Regardless of the exact date of the third Monday in November in the year 1943, it is apparent that the petition to set aside the order of probate was filed not later than the second term after the discovery because the second term after the discovery began on the first Monday in March, 1944, and the proceeding was commenced in the probate court on February 1, 1944. This court is cognizant of the fact that there are no terms of court in the probate court as provided by G. S. 1943 Supp. 59-211. But that section must be reconciled, if possible, with G. S. 1943 Supp. 59-2213, *supra*, in order to give significance and meaning to the reference therein to the provisions of the code of

civil procedure; otherwise, such reference would remain virtually meaningless. We are convinced that the legislature intended the reference to the civil code should serve as a protection to litigants in certain circumstances. We are not holding that the provisions of G. S. 1935, 60-3005, *supra,* are controlling in all cases or that there is no other section in the probate code or in the code of civil procedure which may not have applicability and possibly be controlling in a given case. Our holding is only to the effect that the petition to vacate was filed in time in this case and could have been heard by the probate court of Washington county provided substantial compliance had been made by the appellant with all statutory requirements.

Did the appellant substantially comply with all statutory requirements? Diligent and competent counsel for the appellee contend that she did not, and also assert that some of the statutes referred to herein have no application to the present case. Our attention is directed to the fact that G. S. 1935, 60-3016, *supra,* specifically sets forth that the provisions of the general code *"subsequent to section 595,* shall apply." Counsel for appellee assume that section 595 is the same as G. S. 1935, 60-3007, because the compiler of statutes placed in brackets "(60-3007)" following the reference to section 595 of the code. Thus it appears from reading the statute that section 595 of the code of civil procedure is the same as G. S. 1935, 60-3007, and that only statutes subsequent thereto—not beginning therewith—are applicable. The assumption, while justifiable, is nevertheless erroneous because of the mistake of the compiler of statutes. G. S. 1935, 60-3007, was section 596 of the code of civil procedure when it was adopted as chapter 182 of the Laws of 1909. Therefore, G. S. 1935, 60-3007, is a section subsequent to section 595 of the civil code even though the compiler has confused the fact. Counsel for appellee also contend that section 60-3005 has no application to the present case because it is not subsequent to 60-3007. While the wording of the statute is again confusing, nevertheless, the construction urged by the appellee would destroy the potency and effect of the first subsection of G. S. 1935, 60-3007. Such section clearly reads that the court shall have power to vacate or modify its own judgments or orders at or after term by—*"First.* By granting a new trial for the cause, within the time and in the manner prescribed in this code." It does not read "hereafter prescribed in this code." And the subse-

quent sections of the code make no provision for the vacating of judgments or orders based upon newly discovered evidence. Therefore, the section must refer to prior sections in the code in order to have any force and effect.

Counsel for the appellee also direct our attention to the case of *First Colored Baptist Church v. Caldwell*, 138 Kan. 581, 27 P. 2d 239, and contend that the general provisions of the code of civil procedure relative to new trials for newly discovered evidence apply only to district courts. The cited case was decided in December, 1933, long before the present probate code was adopted in 1939. At the time the cited case was decided G. S. 1935, 60-3823, was controlling. It reads:

"*Until the legislature shall otherwise provide,* this code shall not affect . . . proceedings under the statutes for the settlement of estates of deceased persons, . . ." (Emphasis supplied.)

The legislature has now otherwise provided in the present probate code and the cited case therefore is not controlling. We note again that in the objections filed by the appellee to the appellant's petition to vacate the order admitting the will to probate, ground 3 thereof reads:

"No summons, process or other notice of the hearing of said petition has been issued and served."

It is true that practically all of our statutes relative to proceedings for the purpose of vacating a judgment or order provide for service, including proceedings brought under G. S. 1935, 60-3005, *supra.* We do not have the entire record before us but apparently counsel for appellee have abandoned such a point. In the trial court's memorandum opinion the following appears:

"Counsel for respondent [appellee] advise that their objections have the effect of entering her general appearance, pursuant to their agreement so to act, and not require the issuance and service of process upon her. Hence, any question in that regard is not to be decided in this matter, and the proceeding is to be considered as if notice had been issued and properly served."

No contention is now made by counsel for the appellee to the contrary and since they have entered her appearance and asked for affirmative relief they are not in a position to complain consistently about the lack of any service required by applicable statutes.

Appellee also directs our attention to the fact that the petition to vacate the order admitting the will to probate was not framed in conformity with G. S. 1935, 60-3005, *supra,* and that the prayer

thereof did not ask for the granting of a new trial. Such a contention is correct but in our opinion it should not be controlling. G. S. 1943 Supp. 59-2201, reads:

". . . No defect in form shall impair substantial rights; . . ."

and G. S. 1943 Supp. 59-301, (12), provides that probate courts shall have such powers as may be necessary and proper fully to hear and determine any matter properly before such courts. It is evident that the legislature did not intend that litigants should lose their rights in probate courts because of a failure to file pleadings in strict compliance with form requirements. In addition, it should be noted that on appeal from the probate court the district court is clothed with broad powers, under the present code, to allow or require pleadings to be filed or amended. (G. S. 1943 Supp. 59-2408.) (See *Roberts v. Setty*, 154 Kan. 505, 119 P. 2d 539.)

Appellee also contends that no showing was made in the present case of due diligence on the part of the appellant. Liberal construction of the amendment to the petition to vacate the order admitting the will to probate requires a different conclusion. Such amendment did not allege due diligence, as a conclusion, but it alleged that the appellant did not learn of the existence of the later wills until at least thirty days after November 17, and within six weeks thereafter she filed the petition to vacate the order. Possibly a trial court might find from all of the evidence that the appellant did not exercise due diligence, but this court cannot so conclude as a matter of law upon the record before us. Vacation provisions in statutes are held to be remedial in nature and should be liberally interpreted. (See *Gordon v. Tennhardt*, 134 Kan. 799, 8 P. 2d 328.)

Counsel for both parties have given great emphasis to the effect of our decision in *In re Estate of Grindrod*, 158 Kan. 345, 148 P. 2d 278. Appellee contends that it is controlling in this case because G. S. 1943 Supp. 59-2404, had not been amended at the time of the trial and the appellant had not originally made any objections of any kind or character to the validity of the will or to its probate and that therefore she could not appeal to the district court from the order admitting the will to probate. Appellant contends that the decision should be overruled. We find little, if any, factual comparison between the present case and the case of *In re Estate of Grindrod*, supra. In the cited case the parties seeking to appeal made no appearance whatever in the probate court and

took no steps in the probate court to vacate or set aside the order of probate. Paragraph four of the syllabus of the opinion clearly so states. The contrary is true in the present case. In the case of *In re Estate of Grindrod,* supra, the opinion very carefully sets forth that we were not determining the effect of G. S. 1943 Supp. 59-2213, except for the sole purpose of emphasizing the legislative intent with respect to original jurisdiction of the probate court. We quote the pertinent part of the opinion:

"There is another reason for believing the legislature intended opposition to a will should be asserted in the probate court. Lawyers and judges well understand that evidence of incapacity of a testator or evidence of undue influence in the making of a will may not always be discovered until after a will has been probated. The legislature was not unmindful of that fact. It supplied a remedy for such and other contingencies by providing a right to vacate or modify probate court orders, judgments and decrees in the probate court. G. S. 1943 Supp. 59-2213 reads:

" 'No judgment or decree shall be rendered in a probate proceeding without proof. The court shall have control of its orders, judgments, and decrees, for thirty days after the date of the rendition thereof. Thereafter such orders, judgments and decrees may be vacated or modified as provided by section 605 (See G. S. 1935, 60-3016.) of the code of civil procedure.'

"Here again we need not determine in the instant case whether G. S. 1943 Supp. 59-2213, provides the exclusive remedy in the probate court for vacating or modifying an order of probate. The statute is cited here only for the purpose of emphasizing the legislative intent with respect to the original jurisdiction of the probate court on the subject under consideration. . . ." (p. 353.)

In the specially concurring opinion by Mr. Justice Wedell will be found the following statement:

". . . It also appears necessary to emphasize that we have no question here for review relative to the *particular* provision or provisions of the civil code which are applicable or which are not applicable under the provisions of G. S. 1943 Supp. 59-2213, in a proceeding to vacate or set aside an order of probate." (p. 356.)

In the instant case the precise question presented is the general effect of such statute and we did not pass upon it in *In re Estate of Grindrod,* supra. Consequently, such decision is not in any manner controlling in the present case. It is evident that some of the language in the opinion in the cited case relative to a will contest action being tantamount to a claim or demand to a portion of a decedent's estate probably provoked the filing of the "demand" in this case on the part of the appellant. We are not now passing upon the question of whether a will contest action is always in the nature of a demand against an estate because the present case does

not necessitate a decision upon that question. We are deciding only that in the present case the probate court had jurisdiction at the time to consider appellant's petition to set aside the order admitting the will to probate, and that therefore the rulings of the district court upon that question were erroneous and must be set aside.

One other question remains which must be answered—Did the filing of and the ruling on the "demand" in the probate court while the case was pending on appeal in the district court estop the appellant from presenting her appeal in the district court? We have examined the cases cited by respective counsel on this point and have concluded that the better reasoning is to the effect that the district court became solely possessed of at least part of the case upon appeal and that the probate court thereafter had no further jurisdiction of the same issues involved in the first appeal. Since the "demand" clearly raised only the same issues the result is that the ruling made by the probate court was in fact a nullity. Such being true, it had no effect for any purpose and could not be the basis of an estoppel. The probate court, in certifying the appealed matter to the district court, included therein the "demand" petition filed in the probate court on August 17, 1944. Such action was proper and resulted in the entire matter being before the district court for consideration. Since the petition in the second proceeding in the nature of a "demand" was not contradictory of or inconsistent with the proceedings first appealed from, the mere filing of it did not create an estoppel and the district court should have disregarded it. If the appellant prevails hereafter in the first appeal the result will not require her claim to be allowed also as a "demand" against the estate. She will inherit, if she prevails, as an heir at law of the deceased.

In view of what has been said, it follows that most of the rulings of the district court were erroneous and since they are being set aside on appeal they cannot be relied upon as *res judicata*. (*Standard Life Ass'n v. Merrill*, 147 Kan. 121, 75 P. 2d 825; and see, also, *Messing v. Faulkner*, 83 Kan. 115, 109 Pac. 1001, and *In re Day*, 144 Kan. 465, 61 P. 2d 1333.)

The order of the district court overruling cross-appellant's demurrer is affirmed; the judgment of the district court sustaining her motion, as appellee, for judgment on the pleadings and the record is reversed; and all rulings, orders, and decrees of the district court

asserted in the appellant's assignments of error, which are inconsistent with the conclusion reached in this opinion are set aside. The cause is remanded with instructions to the district court to conduct such further proceedings as may be consistent herewith.